## Pete Pochco, Appellee, v. Illinois Terminal Railroad Company, impleaded with Missouri and Illinois Bridge & Belt Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918. Rehearing denied June 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Pete Pochco, plaintiff, against the Illinois Terminal Railroad Company, impleaded with the Missouri and Illinois Bridge & Belt Railway Company, defendants, to recover for injuries claimed to have been caused by the negligence of defendants. From a judgment against it for $4,300, defendant Illinois Terminal Railroad Company appeals.

H. S. BAKER and A. M. FITZGERALD, for appellant.

JOHN J. BRENHOLT, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 204*—*when refusal to direct verdict for defendant is not error.* It is not error, in a negligence action, to refuse to direct a verdict for a defendant where the evidence of plaintiff, with the inferences reasonably to be drawn therefrom, fairly tends to prove the averments of his declaration.

2. MUNICIPAL CORPORATIONS, § 90*—*when discriminatory railroad speed ordinance not void in its entirety.* A city ordinance relating to the speed at which trains shall be operated through the city, and containing a proviso that a certain railroad company may run its trains in one direction at a greater speed, is not void in its entirety, even if the proviso is void because discriminatory in effect.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Pochco v. Illinois Terminal R. Co., 210 Ill. App. 598.

3.  RAILROADS, § 740*—*when negligence of railroad company in injuring pedestrian at crossing is question for jury.*  In an action by a pedestrian against a railroad company to recover damages for personal injuries received as the result of being struck by defendant's train, at a crossing, *held,* on conflicting evidence as to whether any warning was given and as to the speed of the train, that it was a question for the jury whether defendant was guilty of negligence and whether such negligence was the proximate cause of the injury to plaintiff.

4.  RAILROADS, § 754*—*when contributory negligence of person approaching crossing is question for jury.*  It is usually a question for the jury, in view of all the surrounding circumstances, whether the failure to look and listen upon approaching a railroad crossing constitutes contributory negligence.

5.  RAILROADS, § 752*—*when contributory negligence of person approaching railroad crossing is question for jury.*  In an action by a pedestrian to recover for personal injuries received as the result of being struck by defendant's train at a crossing, where it appeared that four railroads, using about twelve tracks, passed over a street crossing; that defendant's tracks were the third removed from plaintiff as he approached the crossing; that as plaintiff approached the track of the second railroad nearest the first track of defendant he saw a train coming on such track of the second railroad and waited for it to pass; that such train made the air more or less smoky, it being dark at the time, and the evidence tended to prove that defendant's engine at the time plaintiff stepped on defendant's first track was backing at the rate of ten or eleven miles per hour without ringing a bell or sounding a whistle, and that plaintiff's attention was more or less distracted by the train that had passed, it was a question for the jury whether plaintiff was guilty of contributory negligence.

6.  INSTRUCTIONS, § 135*—*when error in instruction on damages may not be complained of.*  A defendant in a negligence case cannot complain of error in an instruction on damages where it tenders no instruction in reference thereto.

7.  INSTRUCTIONS, § 151*—*when refusal not error.*  It is not error to refuse requested instructions covered by the main charge.

8.  PLEADING, § 449*—*what is sufficient as basis for verdict.*  One good count in a declaration supported by the evidence is sufficient on which to base a verdict.

9.  DAMAGES, § 128*—*when verdict for personal injuries is not excessive.*  A verdict for $4,300 for the loss of the right foot of plaintiff, *held* not excessive, it appearing that plaintiff was confined to a hospital for some considerable time, was wholly incapac-

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

600    APPELLATE COURTS OF ILLINOIS.

itated for several months, and his earning capacity seriously diminished.

10. APPEAL AND ERROR, § 1712*—*when assignments of error deemed abandoned.* Assignments of error not argued are deemed to have been abandoned.